Ralph E. Cory, J.
The petition of the Deputy Commissioner of Social Services of the City of New York is dated September 8,1971.
The certificate of mental defect of two examining physicians is dated August 24,1971.
On November 5, 1971 Judge Alphonse P. Guarding signed an order granting a hearing upon the application of the parents who contested the application for an order of certification of the above allegedly mentally defective person. Said hearing was set down for December 10,1971.
The hearing was not held on December 10, 1971 because of the absence of an Albanian interpreter necessary for the proceedings since the parents of the alleged mentally defective person only spoke Albanian.
The hearing was then adjourned to February 23, 1972. Counsel was assigned to the respondent parents under article 18-B of the County Law since they were indigent.
On February 23, 1972 the matter was again adjourned, on consent of the parties and attorneys, until March 10, 1972.
On March 10, 1972, counsel for the respondents stated the present petition before the court could not be heard because more than six months had elapsed since the child had been *383 examined by the two physicians, in violation of provisions of the Mental Hygiene Law for the certification of a mental defective.
The date .that is crucial is August 24, 1971. This is the date the examining physician certified, after a complete examination of .the child, that she was mentally defective and a proper subject for custody and treatment in some institution or facility for mental defectives, under the provisions of the statute.
Six months from this date, or February 23, 1972, would have been the last day a court order granting certification as a mental defective, after a hearing as requested by the parents, would be legal under the statute.
This court never likes to exalt form or technicalities over substance. The reasons why the adjournment of the hearing was granted from December 10, 1971 were mainly for the protection of the respondents and particularly their constitutional rights — right to assigned counsel and to an interpreter. A court hearing would have been invalid without these rights being granted to the respondent parents. These are more than technicalities or form. They are basic rights guaranteed under our Constitution and as due process of law. (TI. S. Const., 6th Arndt., 14th Arndt.)
The delay was unfortunate and unintentional, not deliberate. The Mental Hygiene Law is explicit and specific however. It states that certificates must show that the person is mentally defective and shall be based on examination or examinations of the person alleged to be mentally defective made within six months next before and inclusive of the date of the order. The date of the certificate shall be the date of the last examination.
The statute also says that no person .shall be admitted to any such institution after the expiration of six months from and inclusive of the date thereof (certificate of examining physicians). (Parentheses and italics added; see Mental Hygiene Law, § 121; see, also, §§ 122-126.)
Accordingly, on the basis of all of the foregoing and the legal reasons hereinabove set forth, this petition is dismissed without prejudice.